UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES V. CUMMINGS,

    Petitioner,

v.                                        Case No.:  2:18-cv-612-FtM-38NPM

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## OPINION AND ORDER[1]

Before the Court is Petitioner James Cummings' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus Relief By a Person in State Custody (Doc. 1) and Respondents' Limited Response (Doc. 11). Petitioner did not reply despite the opportunity to do so. (Doc. 14).

On April 10, 2000, a jury convicted Petitioner of second-degree murder. (Doc. 11, Ex. 2). He was then sentenced to life in prison. The Second District Court of Appeal ("Second DCA") affirmed his conviction and sentence on February 23, 2001. *See Cummings v. State*, 783 So. 2d 1065 (Fla. 2d DCA 2001). Petitioner never petitioned for certiorari. Almost sixteen years later, on April 25, 2016, Petitioner filed his first habeas petition in the Second DCA—it was denied. (Doc. 11, Exs. 8-9). The court also denied his motion for rehearing.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Petitioner filed another habeas petition but this time in the state circuit court. It too was denied, the the Second DCA affirmed that decision. (Doc. 11, Ex. 12-13; 16).

About three months later, Petitioner turned to the federal court. He gave this Petition to state prison officials for mailing on September 4, 2018. (Doc. 1). The Petition, which alleges the state court used an erroneous jury instruction and both trial and appellate counsel were ineffective, was filed here six days later. Respondents argue, however, the Petition is untimely under 28 U.S.C. § 2244(d)(1) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court agrees.

The AEDPA gives a person in custody under a state court judgment one year to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A) (stating, in pertinent part, the limitations runs on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Robinson v. Sec'y, Dep't of Corr.*, No. 2:16-CV-48-FTM-29MRM, 2019 WL 1429321, at *3 (M.D. Fla. Mar. 29, 2019). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitation period. 28 U.S.C. § 2244(d)(2).

Petitioner's conviction and sentence became final on May 24, 2001, which was ninety days after the Second DCA affirmed both on direct appeal. Petitioner had one year from then to file a federal habeas petition. He did not do so. And he waited nearly sixteen years to file any post-conviction motion. This is too late under any reading of § 2244(d)(1).

But the Court cannot stop there because the one-year period may be equitably tolled. See *Williams v. Sec'y, Fla. Dep't of Corr.*, No. 5:12-CV-498-OC-29PRL, 2015 WL 4459503, at *2 (M.D. Fla. July 21, 2015). Equitable tolling "is an extraordinary remedy

which is typically applied sparingly." *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000); *see also Diaz v. Dep't of Corr.,* 362 F.3d 698, 700 (11th Cir. 2004) (finding "rare circumstances" merit a finding of equitable tolling). It applies only when a petitioner "demonstrates (1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable consequences." *Arthur v. Allen,* 452 F.3d 1234, 1252 (11th Cir. 2006). A court need not consider the second requirement if the petitioner cannot meet the first. *See Diaz,* 362 F.3d at 702 n.7 (stating the court need not consider the petitioner's extraordinary circumstances argument, given his unexplained 532-day delay in filing his § 2254 petition).

Even liberally considering the record, Petitioner has not shown diligence in filing the Petition. He waited sixteen years after his conviction and sentencing became final to file any post-conviction relief. He does not explain why he waited so long. With no explanation, the delay exhibits a lack of due diligence. And because Petitioner has failed to establish an equitable or statutory reason to toll the one-year period, the Petition must be denied as untimely.

Accordingly, it is

**ORDERED:**

1. Petitioner James v Cummings' Petition for Writ of Habeas Corpus Relief By a Person in State Custody (Doc. 1) is **DENIED**.
2. The Clerk of Court is **DIRECTED** to enter judgment, terminate all pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of December 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record